IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SOLOMON J. TEMPLAR,
f/n/a JOSEPH L. THOMAS,

                                Petitioner,

        v.                                      CASE NO. 05-3009-RDR

COLONEL HARRISON, COMMANDANT,

                                Respondent.


## O R D E R

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner convicted in the courts-martial. Petitioner commenced this action while incarcerated at the United States Disciplinary Barracks, Fort Leavenworth, Kansas.

Petitioner's conviction was reviewed by the Navy-Marine Corps Court of Criminal Appeals (NMCCA), *United States v. Thomas*, 43 M.J. 550 (NMCCA 1995) and by the United States Court of Appeals for the Armed Forces, *United States v. Thomas*, 46 M.J. 311 (CAAF 1997).

## Background

Petitioner was convicted by a general court-martial at Marine Corps Air Station, El Toro, California, of the premeditated murder of his wife in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918.  On November 8, 1988, the members

sentenced petitioner to death.   During review, the United States
Court of Appeals for the Armed Forces overturned that sentence, and
on July 8, 1998, petitioner was resentenced to a term of confinement
for life and a dishonorable discharge.

Following the approval of petitioner's sentence to confinement
for life and a dishonorable discharge, petitioner's counsel
submitted a brief to the NMCCA raising eight assignments of error.
That court upheld the sentence of confinement for life and
determined that petitioner's waiver of certain rights in exchange
for a non-capital referral did not violate public policy.   The court
also determined that portions of the presentencing agreement
concerning  petitioner's ability to accept clemency or parole were
unenforceable as against public policy.   Petitioner did not seek
additional review.

In the present action, petitioner seeks relief on the following
claims:

> The military judge erred by repeatedly giving erroneous
> and improper instructions to the members regarding voting
> procedures on findings;

> The military judge erred in instructing the members that
> a majority could vote to reconsider a finding of an
> aggravating factor of pecuniary gain;

> The military judge erred in instructing that reasonable
> doubt means proof to a moral certainty rather than
> evidentiary certainty;

> The military judge erred in failing to instruct that any
> residual doubt concerning the petitioner should be
> considered a mitigating factor in determining the severity
> of the sentence;

> The military judge erred in failing to instruct on self-
> defense where there had been testimony concerning prior

mutual combat between the petitioner and the victim;

The military judge erred in failing to instruct on diminished capacity and voluntary intoxication;

The instructions interfered with free and fair deliberation by requiring the members to vote as many times as necessary on the most serious offense first while failing to provide proper instructions on unpremeditated murder;

The instruction defining premeditation improperly removed the distinction between premeditated and unpremeditated murder;

The military judge erred by coercing a witness to testify in exchange for immunity;

Petitioner was denied a fair hearing by adverse pretrial publicity;

The military judge erred in holding the trial near a runway;

The military judge failed to instruct the members to consider that petitioner had no prior criminal record; and

Petitioner was denied due process by the totality of the circumstances.

**Standard of review**

The federal courts have jurisdiction over habeas corpus actions filed under § 2241 by prisoners convicted in the courts-martial. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953). However, review of these actions is limited. Historically, this review "was limited to the question of jurisdiction." *Fricke v. Secretary of Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007)(citations omitted). In the *Burns* decision, the Supreme Court extended the scope of review of court-martial proceedings, deciding that "civil courts could consider constitutional claims regarding such proceedings if the military

3

courts had not 'dealt fully and fairly" with such claims."  *Id.*

Where the military courts have given "full and fair consideration" to the claims presented in a petition, a federal court may not grant habeas relief "'simply to re-evaluate the evidence.'" *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993)(quoting *Burns*, 346 U.S. at 142).

Where an issue has been presented to a military court, the issue will be viewed as having received full and fair consideration, even if that court's opinion summarily disposes of the issue. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986).  The burden is on the petitioner to establish that the review in the courts-martial was "legally inadequate".  *Watson,* 782 F.2d at 144 (citing *Burns,* 346 U.S. at 146).

If a claim was not presented in the military courts, the federal habeas court considers the claim waived and not subject to review.  *Watson,* 782 F.2d at 145.

Four criteria must be met before a federal court may consider the merits of a habeas corpus challenge to court-martial actions:

> "(1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than of disputed fact already determined by the military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards." *Lips*, 997 F.2d at 811; *see also Roberts v. Callahan*, 321 F.3d 994, 996 (10th Cir. 2003).

Finally, a federal court "will not entertain petitions by

4

military prisoners unless all available military remedies have been exhausted." *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975).

## Discussion

Respondent seeks the denial of the writ on two grounds, arguing first, that petitioner failed to fully exhaust available remedies and second, that the writ should be denied because the petitioner's claims were given full and fair consideration in the military courts.

Neither the Answer and Return (Doc. 14) nor the response to petitioner's traverse (Doc. 19) specifically identifies any unexhausted claim among those enumerated in the petition.  The court has examined the record and the relevant appellate decisions, *U.S. v. Thomas*, 43 M.J. 550 (NMCCA 1995) and *U.S. v. Thomas*, 46 M.J. 331 (CAAF) and cannot conclude petitioner failed to exhaust the claims presented herein.  The decision of the NMCCA discusses each of the claims presented in this action, with the exception of the final claim, namely, that cumulative error denied petitioner due process. That claim, however, appears to have been raised by the petitioner in a supplemental pleading filed pursuant to *United States v. Grostefon*, 12 M.J. 431 (CMA 1982), and the NMCCA decision states the issues presented under *Grostefon* were considered and determined to be without merit.  *U.S. v. Thomas*, 43 M.J. at 610-11.  The decision of the CAAF in *U.S. v. Thomas*, 46 M.J. 311 (CAAF 1997) affirmed the decision but reversed on the sentence of death.

Accordingly, the court cannot deny the writ on the ground petitioner failed to exhaust the claims he presents herein.

Respondent also seeks the denial of the writ on the ground that the claims were given full and fair consideration.  Viewed in light of the governing standards, the treatment given to petitioner's claims in the courts-martial easily convinces this court that the issues were given full and fair review.  Petitioner's counsel raised numerous allegations of error before the military courts, and the decision entered by the NMCCA contains a careful, well-reasoned evaluation of the claims presented.  Thereafter, the CAAF conducted a detailed review of the proceedings against petitioner and the claims for relief.  As noted, that review resulted in a reversal of the death sentence.

In light of the narrow standard of review governing this matter, *see Watson*, 782 F.2d at 145, the court concludes petitioner's claims were given full and fair review and are not subject to additional review in habeas corpus.

**Retaliation claim**

Finally, petitioner moves for relief from retaliatory acts, challenging his November 2006 transfer from the United States Disciplinary Barracks at Fort Leavenworth, Kansas, to the federal penal system.  Petitioner is currently incarcerated at the United States Penitentiary, Atwater, California.

Generally, a prisoner has no right to be incarcerated in any particular facility and is subject to transfer between facilities for any reason, or for no reason at all.  *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983).  However, prison officials may not retaliate against an inmate due to the inmate's pursuit of legal remedies.

6

*Green v. Johnson,* 977 F.2d 1383, 1389 (10th Cir. 1992); *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).  To prevail on a claim of an unlawful, retaliatory act, including a transfer, a prisoner must demonstrate the challenged act would not have occurred "but for" a retaliatory motive. *Id.* at 949-50 (prisoner must establish "the actual motivating factor behind defendants' actions was retaliation for his prior or current litigation"); *see also Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir.1998) (prisoner alleging retaliation "must 'allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.'"(citations omitted)).

In support of his claim, petitioner points to the loss of access to legal files stored in electronic format and cites several examples of the harsher conditions of confinement in his current placement in contrast to the conditions at the United States Disciplinary Barracks.

Pursuant to federal statute, a person convicted in a court-martial may be placed in a federal penal facility.  10 U.S.C. §858. It is uncontroverted that petitioner was transferred to such custody in a group of ten military prisoners chosen by the Commandant.

The criteria guiding the selection of prisoners for such a transfer appear in Department of Defense Instruction 1325.7[1] and include: the prisoner's potential for return to military service or rehabilitation, the circumstances of the underlying criminal offense,

---

[1]Doc. 61, Ex. 3.

the prisoner's incarceration record, the status of the court-martial appeal and other legal proceedings, the nature and length of the prisoner's sentence, the age of the prisoner, and any special circumstances.  Respondent states the Commandant determined the petitioner had no potential for return to military service, had completed programs available at the sending facility, had completed court-martial appeals, and was 46 years old.  The Commandant requested approval from the Secretary of the Navy for petitioner's transfer, and that request was approved.  There is no federal rule prohibiting the transfer of a prisoner during the pendency of an application for habeas corpus in a federal district court.  *Cf.* Federal Rule of Appellate Procedure 23(a)(pending federal appellate review of a decision in a habeas corpus proceeding, prisoner may not be transferred except on application of the prisoner's custodian and showing of need).

This action was commenced in January 2005, and the petitioner filed a traverse in June of that year.  In July 2005, this court ordered that petitioner must obtain leave of the court to file any further supplement to the action.  Thus, the record in this matter was complete long before petitioner's transfer.

Having considered these facts, the court finds no grounds for relief have been presented.  The transfer was made in accordance with prescribed criteria, was approved by the Secretary of the Navy, and the petitioner had filed the core documents in this action well before his transfer.  There is no evidence which reasonably suggests the transfer was retaliatory, and petitioner's motion must be denied.

## Conclusion

For the reasons set forth, the court finds petitioner's claims were given full and fair consideration in the courts-martial and concludes there is no basis for habeas corpus relief.  Petitioner's request for relief from retaliatory acts is denied.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

IT IS FURTHER ORDERED petitioner's motion for relief from respondent's retaliatory acts (Doc. 53) is denied.

IT IS FURTHER ORDERED respondent's motion to strike (Doc. 61) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 19th day of March, 2008, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

9